UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Dancaille A. Warrick,                       Case No. 3:13-cr-00549;
                                                                            3:15-cv-02106

         Defendant-Petitioner,

     v.                                             MEMORANDUM OPINION

United States of America,

         Plaintiff-Respondent.

This case is before me on Petitioner Dancaille Warrick's motion for relief under 28 U.S.C. § 2255 (Doc. No. 29), his amendment to that motion (Doc. No. 38), and *Johnson v. United States*, 135 S. Ct. 2551 (2015) ("*Johnson 2015*"). The Government responded (Doc. No. 42), and Warrick replied (Doc. No. 45). Warrick also moved for bond pending my decision on his § 2255 motion (Doc. No. 47), to which the Government responded (Doc. No. 48). For the reasons that follow, I grant Warrick's motion for de novo sentencing and deny as moot his motion for bond.

## BACKGROUND

On June 4, 2014, Warrick pled guilty, without a plea agreement, to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). At the time of his sentencing on September 26, 2014, Warrick's criminal history included four felony convictions from Michigan – two convictions for felonious assault, one felony conviction for attempting to disarm a peace officer, and one conviction for attempted felonious assault. (Doc. No. 23 at ¶¶ 28-31). Warrick was determined to have at least three convictions for either a violent felony or serious drug offense that qualified as predicates under the Armed Career Criminal Act ("ACCA"), thus enhancing his sentence under 18 U.S.C. § 924(e). (Doc. No. 23 at ¶ 22). I therefore found Warrick to be an armed

career criminal and sentenced him to the mandatory minimum 180 months imprisonment, as well as two years supervised release. (Doc. No. 25 at 2-3).

At the time of sentencing, neither the Presentence Investigation Report ("PSR") nor I specified which of Warrick's convictions qualified as predicates under the ACCA. (Doc. Nos. 23 & 35). Warrick's attorney did not object to my finding that Warrick was an armed career criminal. (Doc. No. 35). Warrick did not appeal.

Following the Supreme Court's decision in *Johnson 2015*, Warrick timely filed his pro se § 2255 motion. (Doc. No. 29). After taking on his case, the Federal Public Defender's office filed an amended § 2255 motion further developing the *Johnson* issue and adding a claim of ineffective assistance of counsel. (Doc. No. 38).

## ANALYSIS

Under 28 U.S.C. § 2255, a prisoner in federal custody "may move the court which imposed the sentence to vacate, set aside, or correct the sentence." "A motion brought under § 2255 must allege one of three bases as a threshold standard: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001).

The ACCA provides for a fifteen-year mandatory minimum sentence when a defendant is charged as a felon in possession of a firearm and has three or more prior "violent felony" convictions. 18 U.S.C. § 924(e)(1). The ACCA defines a "violent felony" as a felony that

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
(ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

18 U.S.C. § 924(e)(2)(B) (emphasis added). The italicized portion above is known as the ACCA's residual clause, and the Supreme Court ruled it unconstitutionally vague in *Johnson 2015*. 135 S. Ct. at 2563. As such, defendants who were deemed armed career criminals pursuant to the residual

2

clause are entitled to resentencing without the armed career criminal enhancement. *Id.* This decision did not, however, invalidate the ACCA's remaining clauses. *Id.*

I note here that Warrick and the Government agree that Warrick's § 2255 motion is timely and that Warrick's prior conviction for the attempted felony disarming of a firearm of a peace officer does not qualify as a predicate conviction under the ACCA. (Doc. Nos. 38 at 4-6 & 42 at 2, 5-7). This leaves only Warrick's claims with respect to his convictions for felonious assault and attempted felonious assault, as well as his claims of ineffective assistance of counsel.

At sentencing, I did not specify under which clause of the ACCA Warrick's convictions qualified as predicates. At a minimum, his convictions qualified under the ACCA's residual clause. But if his convictions qualified only under the residual clause of the ACCA, they no longer qualify as predicate acts in light of the Supreme Court's decision in *Johnson 2015*, and Warrick is entitled to de novo sentencing. If Warrick's convictions qualify under one of the two remaining clauses, his sentence stands.

Warrick's prior felony convictions are not found in the enumerated list in § 924(e)(2)(B)(ii), so the remaining question is whether Warrick's prior felony convictions qualify as predicates under § 924(e)(2)(B)(i). This clause, also known as the element clause, mandates that a predicate conviction must have "as an element the use, attempted use, or threatened use of physical force against the person of another . . . ." 18 U.S.C. § 924(e)(2)(B)(i).

The Supreme Court clarified that under the ACCA, "'physical force' means *violent* force— that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) (emphasis in original) ("*Johnson 2010*"). In that case, the Court found that the Florida battery statute at issue, as interpreted by the Florida Supreme Court, could be violated by "*any* intentional physical contact, no matter how slight." *Id.* at 138 (emphasis in original) (internal quotation marks and citation omitted). Because the statute did not require violent force, a conviction under that law could not qualify as an ACCA predicate under the element clause. *Id.* at 145.

3

Here, the statute at issue is Michigan's felonious assault statute. Mich. Comp. Laws § 750.82. The elements of this statute are "(1) an assault; (2) with a dangerous weapon, and (3) with the intent to injure or place the victim in reasonable apprehension of an immediate battery." *People v. Bosca*, 871 N.W.2d 307, 325 (Mich. 2015) (internal quotation marks and citation omitted). "Felonious assault is defined as simple assault aggravated by the use of a weapon." *People v. Jones*, 504 N.W.2d 158, 164 (Mich. 1993). "A simple assault is either an attempt to commit a battery or an unlawful act that places another in reasonable apprehension of receiving an immediate battery." *People v. Terry*, 553 N.W.2d 23, 25 (Mich. Ct. App. 1996). "[A] battery is an intentional, unconsented and harmful or offensive touching of the person of another, or of something closely connected with the person." *People v. Nickens*, 685 N.W.2d 657, 628 (Mich. 2004). So battery, which is the underpinning of felonious assault, requires no more than an "offensive touching." This is much less than violent force. Michigan courts have also clarified that a conviction for felonious assault requires no "proof of the use of or attempt to utilize any force at all." *People v. Pace*, 302 N.W.2d 216, 221 (Mich. Ct. App. 1980). It is, therefore, clear from the Michigan courts' analyses that to commit a felonious assault does not require violent force at all, much like the statute at issue in *Johnson 2010*.

The Government argues that Sixth Circuit precedent has established that a conviction for violating Michigan's felonious assault statute qualifies as a predicate under the ACCA. *See United States v. Mosley*, 339 F. App'x 568 (6th Cir. 2009); *United States v. O'Valle*, 9 F.3d 110 (6th Cir. 1993) (Table). But these cases, as they were decided before *Johnson 2010*, fail to address the level of force required to sustain a conviction for felonious assault and whether that level of force meets the force requirement of the ACCA's element clause. They instead rely on the felonious assault statute's requirement that some amount of physical force be threatened, used, or attempted. Thus, this Circuit has addressed the issue of minimal force, but not the issue of violent force as it pertains to Michigan's felonious assault statute.

The Government next points to two district court cases decided after *Johnson 2010* in which two courts held that felonious assault convictions in Michigan qualify as ACCA violent felony

4

predicates.  *See United States v. Franklin*, 2014 WL 2558206 (E.D. Mich. June 6, 2014); *United States v. Wilson*, 2015 WL 7450456 (E.D. Mich. Nov. 24, 2015).  Similar to the Sixth Circuit cases discussed above, these courts did not analyze the level of force required by the ACCA element clause following *Johnson 2010* and are, therefore, unpersuasive.

For example, in *Franklin*, the district court relied on the Sixth Circuit's holding in *United States v. McBee*, 364 F. App'x 991 (6th Cir. 2010) to find that a felonious assault conviction in Michigan qualifies as a predicate offense.  *Franklin*, 2014 WL 2558206 at *5.  In *McBee*, which was decided prior to *Johnson 2010*, the defendant did not dispute his felonious assault conviction as a qualifying crime, so the court made no determination with respect to the force requirement.  *McBee*, 364 F. App'x at 992.  The court in *Wilson* similarly failed to analyze the level of force required, relying simply on the holding in *O'Valle*.  *Wilson*, 2015 WL 7450456 at * 3.  The *O'Valle* court, as I discussed above, did not answer the question of whether violent force is required to violate Michigan's felonious assault statute.  *O'Valle*, 9 F.3d at *2.

Next, the Government cites cases from other Circuits, including cases which "have held that assault or battery statutes that require only 'the least touching,' qualify as crimes of violence when the touching is *accompanied by a deadly weapon*."  (Doc. No. 42 at 12) (emphasis in original).  *See, e.g.*, *United States v. Ramon Silva*, 608 F.3d 663 (10th Cir. 2010); *United States v. Treto-Martinez*, 421 F.3d 1156 (10th Cir. 2005); *United States v. Grajeda*, 581 F.3d 1186 (9th Cir. 2009).  These cases, though, are not binding on this court, and those courts analyzed different statutes than the one at issue here.  Michigan's felonious assault statute requires the presence of a "dangerous weapon," which has been held to include, among other things, broomsticks, flashlights, lighter fluid, and boots.  *See People v. Buford*, 244 N.W.2d 351, 353 (Mich. Ct. App. 1976).  Because the statute is rather inclusive, I am not prepared to apply a categorical rule deeming felonious assaults to be violent felonies based on the presence of dangerous weapons when the Sixth Circuit has not adopted such a rule.

Finally, the Government points out that "the Supreme Court cited assault and battery with a dangerous weapon as an example of a violent felony." (Doc. No. 42 at 14).  The Court quoted the

5

definition of "violent felony" as found in Black's Law Dictionary, which included the example of assault and battery with a dangerous weapon. *Johnson 2010*, 559 U.S. at 140-41. The Court did not hold that assault and battery with a dangerous weapon is a violent felony. I am still required to "assess whether a crime qualifies as a violent felony in terms of how the law defines the offense . . . ." *Johnson 2015*, 135 S. Ct. at 1557 (internal quotation marks and citation omitted).

For all the reasons discussed above, I find Michigan's felonious assault statute does not have "as an element the use, attempted use, or threatened use of physical force against the person of another . . . ." *See Johnson 2010*, 559 U.S. at 140; 18 U.S.C. § 924(e)(2)(B)(i). Warrick's convictions could only have qualified as predicates under the now-invalidated residual clause. *See Johnson 2015*, 135 S. Ct. 2551. Therefore, I find Warrick no longer has at least three predicate violent felonies and is entitled to de novo sentencing. Because I have found that Warrick should be resentenced pursuant to *Johnson 2015* and *Johnson 2010*, there is no need to consider the merits of Warrick's ineffective assistance of counsel claim.

## CONCLUSION

Accordingly, I find that Warrick's convictions for felonious assault and attempted felonious assault do not constitute violent felonies. Because Warrick no longer has three predicate violent felonies, I grant his motion for relief. The sentence is vacated, and the case is set for de novo sentencing. As I have ruled on the habeas motion, Warrick's motion for bond pending my decision is dismissed as moot. (Doc. No. 47).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

6